UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE MARTEZ SUMLER,

        Petitioner,

v.                                          Case No. 2:25-cv-10969
                                            Hon. Gershwin A. Drain

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Michigan prisoner Maurice Martez Sumler ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He did not pay the required $5.00 filing fee nor submit an application to proceed in forma pauperis when he filed the case. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases. The Court issued a deficiency order on April 9, 2025 requiring Petitioner to either pay the filing fee or submit an in forma pauperis application. The order provided that if he did not do so by April 30, 2025, the case would be dismissed. The time for submitting the filing fee or required information has elapsed and Petitioner has not corrected the deficiency or otherwise responded

1

to the Court's order

Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court ...." Fed. R. Civ. P. 41(b).  Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that ... the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2.  The Court may sua sponte dismiss a civil action for failure to prosecute pursuant to those rules.  *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr.*, No. 14-14790, 2015 WL 4620605, *1-2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit IFP application).  Because Petitioner has failed to correct the deficiency and comply with the Court's order, his case is subject to dismissal for want of prosecution.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to its merits. This case is **CLOSED**.  Should Petitioner wish to seek federal habeas relief, he

must file a new habeas case with payment of the filing fee or an in forma pauperis application. This case will not be reopened.

Before Petitioner may appeal, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

SO ORDERED.

Dated: July 30, 2025

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 30, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

3